UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HARRY BULLOCK,<br>  Plaintiff,<br><br>v.<br><br>JAMES LOMBARDI, III,<br>TREASURER OF THE<br>CITY OF PROVIDENCE,<br>  Defendant. | C.A. No. 13-670-M |

## MEMORANDUM AND ORDER

After receiving an "Order to Make Safe through Demolition" regarding his property at 276 Grove Street in Providence, Rhode Island, Plaintiff Harry Bullock filed an appeal, spoke with a city official, retained an engineer, received the engineer's report stating that the building did not have major structural damage, met with a city official, and gave the city official a copy of the engineer's report. (ECF No. 1-1 at 4-5.) Nonetheless, the City of Providence demolished Mr. Bullock's building and filed a lien against it for the $6,300 cost of demolition plus interest to accrue at 12% from the date of the lien until the date of payment. *Id.* at 5.

A Motion to Dismiss filed by Defendant James J. Lombardi, III, Treasurer of the City of Providence (the City), brings this matter before the Court.[1] (ECF No. 5.) The City argues that Mr. Bullock has failed to state a claim for substantive due process. (ECF Nos. 5, 7.) Mr. Bullock objects, asserting that the City's action is prohibited by the substantive due process clause. (ECF No. 6.)

---

[1] While the City initially sought dismissal of counts II, III, and IV of the Amended Complaint, it later withdrew its motion with respect to the procedural due process portions of counts II and III and the slander of title claim, count IV. (ECF No. 7.) Therefore, the Court need only address whether the substantive due process claims — the federal claim in count II and the state claim in count III — survive the motion to dismiss. *See id.*

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007). "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed.R.Civ.P. 8(a)(2)). "At the pleading stage, the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102-03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Mr. Bullock's 276 Grove Street property had been damaged by a fire. (ECF No. 1-1 at 5.) After his November 2012 receipt of an "Order to Make Safe through Demolition" (the Order), Mr. Bullock, through counsel, appealed the Order. *Id.* at 4. In December of 2012, Mr. Bullock's attorney spoke with a city official about the Order and informed the city official that Mr. Bullock was in the process of getting a report from an engineer regarding the structural integrity of the building. *Id.* at 5. Later that month, Mr. Bullock's attorney and his consultant met with a city official regarding the matter. *Id.* At this meeting, they provided the city official with a copy of the engineer's report stating that the fire did not cause any major structural damage. *Id.* In March of 2013, without further consultation or notice, the city demolished Mr. Bullock's building. *Id.*

The Court must ascertain whether these allegations state a claim for substantive due process under the Rhode Island or United States constitutions. Because "the drafters of the Rhode Island Constitution intended that [its] Due Process Clause [] parallel the Due Process Clause of the Fourteenth Amendment," the Court will consider together the federal and state

substantive due process claims. *Pawtucket Transfer Operations, LLC v. City of Pawtucket*, 539 F.Supp.2d 513, 517 n.4 (D.R.I. 2008) (citing *Jones v. Rhode Island*, 724 F.Supp. 25, 34-35 (D.R.I. 1989)).

A substantive due process "claim rests not on perceived procedural deficiencies but on the idea that the government's conduct, regardless of procedural swaddling, was in itself impermissible." *Amsden v. Moran*, 904 F.2d 748, 753 (1st Cir. 1990). In *County of Sacramento v. Lewis*, the U.S. Supreme Court "held that plaintiffs must show, not only that the official's actions shock the conscience, but also that the official violated a right otherwise protected by the substantive Due Process Clause." *Martinez v. Cui*, 608 F.3d 54, 64 (1st Cir. 2010) (citing *Lewis*, 523 U.S.833, 847 n.8 (1998)). "A complaint pleads a substantive due process violation by a local administrative agency only if the facts alleged are 'shocking or violative of universal standards of decency.'" *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 1001 n.8 (1st Cir. 1992) (quoting *Amsden*, 904 F.2d at 757). "Even bad-faith violations of state law are not necessarily tantamount to unconstitutional deprivations of due process." *Amsden*, 904 F.2d at 757. While "the yardstick against which substantive due process violations are measured has been characterized in various ways, we are satisfied that, before a constitutional infringement occurs, state action must in and of itself be egregiously unacceptable, outrageous, or conscience-shocking." *Id.* at 754.

Mr. Bullock relies on Judge F. Dennis Salyor IV's decision in *Gallant v. City of Fitchburg*, 739 F.Supp.2d 39 (D.Mass. 2010) as support for the survival of his substantive due process claims. (ECF No. 6-1 at 8-9.) In *Gallant*, like in this case, the property owner responded to an order to make safe, communicated with city officials, and provided city officials with documentation regarding the status of the property. *Id.* at 42-44. In *Gallant*, the property

owner also obtained permits and made repairs to the property. *Id.* at 43. Here, the property owner provided the city with an engineer's report indicating that the "fire did not cause any major structural damage and it can easily be restored." (ECF No. 1-1 at 5.) In *Gallant* and here, the municipalities demolished the buildings and the property owners faced motions to dismiss their substantive due process claims. In *Gallant*, the district court held that the allegations, "if proved, might arguably be deemed to 'shock the conscious'" and a "further development of the record" was necessary prior to "resolution of the issue." 739 F.Supp.2d at 48.

Although the substantive due process standard is a very high one to meet, at this stage the Court cannot conclude that Mr. Bullock has failed to state a claim. Upon receipt of the Order, Mr. Bullock's counsel filed an appeal, spoke with and met with a city official, and provided documentation that the building had not sustained major structural damage from the fire. The city nevertheless demolished the building without further consultation or notice. If Mr. Bullock's allegations are proved, they arguably could be deemed to "shock the conscious." As such, at this stage, there is "more than a sheer possibility that [the] defendant has acted unlawfully." *García-Catalán*, 734 F.3d at 102-03 (quoting *Iqbal*, 556 U.S. at 678). The Court agrees with the conclusion in *Gallant*: "At a minimum, resolution of the issue must await further development of the record." 739 F.2d at 48.

Therefore, the City's Motion to Dismiss (ECF No. 5) is DENIED.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

December 5, 2013